UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Miguel Murillo, ) | C/A No. 5:15-cv-03381-TMC-KDW | |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| vs. ) | REPORT AND RECOMMENDATION | |
| ) | | |
| Warden Edsel Taylor, ) | | |
| ) | | |
| Respondent. ) | | |
| ) | | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a state prison inmate appearing pro se.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

Miguel Murillo ("Petitioner") is currently incarcerated at MacDougall Correctional Institution in Ridgeville, South Carolina. Pet. 1, ECF No. 1. He is currently serving a ten-year concurrent sentence on several motor-vehicle-related convictions that were entered on a guilty plea in Horry County, South Carolina on March 9, 2011. *Id*.; ECF No. 1-2 at 3; *see South Carolina v. Murillo*, Nos. 2010-GS-2602443; 2010-GS-2602444. According to his Answers to the Court's Special Interrogatories, Petitioner's current state sentences are to expire, or "max-

---

[1] The Petition is properly construed as one submitted under 28 U.S.C. § 2241 because Petitioner is not challenging the state criminal convictions on which he is currently confined and a determination of the issues raised would not affect the duration of his confinement on those state convictions. *See, e.g.*, *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001); *Hao Qing Zhan v. Wilson*, No. 8:12-CV-03052-RBH, 2013 WL 4500055, at *5 (D.S.C. Aug 19, 2013).

out," on October 17, 2018. ECF No. 13.

In the Petition under review, Petitioner asks this court to consider four separate grounds for relief based, primarily, on his contention that his state convictions should not subject him to deportation from this country to his native Honduras. ECF Nos. 1 at 3-3; 1-2 at 9-10. In his Answers to the Court's Special Interrogatories, Petitioner states that a United States Immigration and Customs Enforcement ("I.C.E.") detainer has been filed in his South Carolina Department of Corrections ("SCDC") inmate records. ECF No. 13. However, there are no allegations in either his original, hand-prepared Petition, ECF No. 1, in the completed petition form that he submitted in response to the court's initial Order in this case, ECF No. 1-2, or in his Answers to the Court's Special Interrogatories showing that a formal order of removal has been entered against him by federal immigration authorities. As far as the pleadings in this case disclose, I.C.E. has only placed the detainer in his records at this time.[2] Petitioner acknowledges that he has not had any communications with I.C.E. or with any other federal agency or official regarding his current assertions that he is not subject to deportation or that the detainer should be removed from his SCDC inmate records. ECF No. 13. Petitioner asks this court to "grant a waiver, suspension, or a withholding of deportation." ECF No. 1-2 at 10.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty

---

[2] "A detainer serves to advise another law enforcement agency that the [Department of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien." 8 C.F.R. § 287.7(a). "The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." *Id.*

Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.    Discussion

This court cannot consider Petitioner's challenge to the validity of the I.C.E. detainer currently in his SCDC inmate records under its habeas-corpus jurisdiction because Petitioner is not "in custody" on the challenged detainer. The traditional function of the writ is to secure the

petitioner's release from illegal custody. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). The habeas statute gives federal courts the authority to issue a writ only if the petitioner is in custody, *see* 28 U.S.C. § 2241, and, therefore, there is a jurisdictional requirement "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490 (1989). In 2013, the United States District Court for the Eastern District of Virginia stated that "[t]he prevailing view among courts in the Fourth Circuit is that a plaintiff raising a habeas claim concerning the issue of deportability must be in INS [Immigration and Naturalization Service] custody" and "an immigration detainer does not subject a prisoner to INS custody." *Ogunde v. Holder*, No. 1:13cv484 (JCC), 2013 WL 5504417, at *2 (E.D. Va. Oct. 1, 2013). This court and other district courts within the Fourth Circuit agree with that statement of applicable law. *See, e.g., Hernandez-Regules v. Immigration & Customs Enforcement,* No. 1:13-cv-2622-DCN, 2013 WL 5964569, at *3 (D.S.C. Nov. 7, 2013); *Sewell v. Stephens*, No. 5:10-HC-2247-FL, 2011 WL 2746122, at *1 n* (E.D.N.C. July 13, 2011); *Blackwell v. Cross*, No. 2:08 CV 123, 2009 WL 2877245, at *5-6 (N.D.W. Va. Sept. 3, 2009).

Additionally, to the extent that the Petition under review could be construed as a challenge to a removal order and not only to an I.C.E. detainer, this court is without subject-matter jurisdiction to consider Petitioner's claims. This court has previously held that it is without subject-matter jurisdiction to consider habeas-corpus challenges to immigration removal orders. *Acevedo v. Immigration & Customs Enforcement*, No. 1:13-CV-02758-JMC, 2013 WL 6388476, at *3 (D.S.C. Dec. 6, 2013). As the court stated in its *Acevedo* opinion, the current version of 8 U.S.C. § 1252(a)(5) states that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section [addressing certain asylum claims involving exclusion

of aliens]." *Id.* (citing *Jahed v. Acri,* 468 F.3d 230, 233 (4th Cir. 2006) and stating that "the Act [The REAL ID Act of 2005] vests sole jurisdiction over petitions challenging removal orders in the United States appellate courts . . . ."); *see also Powell v. Holder,* 538 F. App'x 279, 280 (4th Cir. 2006) (citing *Turkson v. Holder*, 667 F.3d 523 (4th Cir. 2011), and holding that court of appeals review of removal orders from the Board of Immigration Appeals is limited to questions of whether a person is an alien convicted of "an aggravated felony" and "constitutional claims or questions of law . . . .").[3]

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

*Kaymani D. West*

November 16, 2015                                                            Kaymani D. West
Florence, South Carolina                                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3] If formal removal proceedings are instituted against Petitioner, his available administrative remedies relative to such proceedings are governed by 8 U.S.C. §§ 1228 through 1231, and described in federal regulations at 8 C.F.R. §§ 1240.1 through 1240.17. The statutes and regulations provide for a hearing on removability before an immigration judge and an appeal to the Board of Immigration Appeals. Agency regulations governing applicable procedures and type of claims available before immigration judges are found at 8 C.F.R. §§ 1003.12 through 1003.47.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).